Filed 3/28/13  P. v. O'Brien CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072015 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01901) |
| v. | |
| KORY TAYLOR O'BRIEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kory Taylor O'Brien has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment.

**BACKGROUND**

On March 13, 2012, police officers responded to a sex abuse report.  Defendant's wife, the mother of the alleged victims, reported that she had left defendant because she suspected he was drugging her.

Defendant's 22-year-old stepdaughter had disclosed to her mother that defendant sexually assaulted her over several years, beginning when she was 14.  When she turned

1

16, defendant began having nonconsensual sexual intercourse with her; this continued over the next three or more years. Once she turned 18, he also began to digitally penetrate her anus. After she moved out of the house around June 2011, the assaults stopped.

Defendant's 15-year-old stepdaughter also reported defendant began sexually assaulting her when she was 14, and accused him of sexual intercourse, sexual penetration, oral copulation, digital penetration, and sodomy with her.

The People filed a felony complaint on March 15, 2012, charging defendant with multiple counts of rape (Pen. Code,[1] § 261, subd. (a)(2)); lewd and lascivious acts with a child of 14 by a person at least 10 years older (§ 288, subd. (c)(1)); penetration by foreign object of a person under 18 (§ 289, subd. (h)); oral copulation of a person under 16 by a person over 21 (§ 288a, subd. (b)(2)); sexual penetration by foreign object of a person under 16 by a person over 21 (§ 289, subd. (i)); and one count of sodomy of a person under 16 by a person over 21 (§ 286, subd. (b)(2)). As to four counts, it was alleged that defendant committed the offense against more than one victim, which would mandate a state prison sentence of 25 years to life. (§ 667.61, subd. (e)(5).)

On July 5, 2012, defendant pled no contest to counts 1, 3 through 7, 11, and 13 through 17, on the understanding that the remaining counts and allegations would be dismissed and he would receive an aggregate state prison sentence of 23 years.

On August 2, 2012, the trial court sentenced defendant to the agreed-upon term of 23 years in state prison, calculated as follows: three years, the upper term, on count 3;

---

[1] Further undesignated statutory references are to the Penal Code.

eight years consecutive on count 11; six years consecutive on count 1; and eight months consecutive on counts 4 through 7 and 13 through 17. The court awarded defendant 164 days of presentence custody credit (143 actual days and 21 conduct days). Announcing its intent to "minimize as many fines as possible," the trial court imposed various fines and fees mainly by reference to the probation report.[2]

The abstract of judgment shows the following fines and fees: a $240 restitution fine (§ 1202.4, subd. (b)); a $240 restitution fine, suspended unless parole is revoked (§ 1202.45); a $480 court security fee (§ 1465.8); and a $360 criminal conviction assessment (Gov. Code, § 70373).

Defendant filed a notice of appeal, with an attachment requesting "sentence modification" in the form of less time in custody. The trial court denied the request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

---

[2] The trial court should orally recite all fines and fees, including their statutory bases, on the record at sentencing. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.)

3

**DISPOSITION**

The judgment is affirmed.

               DUARTE          , J.

We concur:

        NICHOLSON        , Acting P. J.

        MURRAY          , J.